Mr. David G. Conn Attorney for the Ponte Vedra Zoning Board 77 Bridge Street St. Augustine, Florida 32085-1957
Dear Mr. Conn:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 WHETHER THE INDIVIDUAL TORT LIABILITY OF THE MEMBERS OF THE PONTE VEDRA ZONING BOARD IS CONTROLLED OR LIMITED BY s. 768.28, F.S. (1986 Supp.)?
The Ponte Vedra Zoning District was created by Ch. 65-2171, Laws of Florida. Pursuant to s. 2, Ch. 65-2171, Laws of Florida, the Board of County Commissioners of St. Johns County is empowered within the district
 to regulate and restrict the height, number of stories, and size of buildings and other structures on land and water, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, the use of buildings, structures and land for trade, industry and residence or other specific use; to adopt a building code and other matters proper to be regulated to safeguard the safety, health and welfare of the people in said district, and to appoint inspectors thereunder. . . .
In order to avail itself of the powers conferred by Ch. 65-2171, Laws of Florida, the Board of County Commissioners of St. Johns County is directed to "appoint a board to be comprised of five members to be known as the Ponte Vedra Zoning Board. . . ." Section 6, Ch. 65-2171, Laws of Florida.
Section 13, Art. X, State Const., states that the Legislature may provide by general law for bringing suit against the state. Section 768.28, F.S., specifies those instances in which the State's immunity from tort liability has been waived. See, s.768.28(1), F.S. (1986 Supp.), which provides, in pertinent part, that:
 In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. (e.s.)
Section 768.28(2), F.S. (1986 Supp.), provides that "state agencies or subdivisions" include "the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities." Cf., s. 1.01(9), F.S., defining "political subdivision" to include "counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state." (e.s.) This office has previously concluded that a variety of special districts are included within the definition set forth in s. 768.28(2), supra. See, AGO 78-42 (legislatively established hospital district included within scope of s. 768.28); AGO 78-113 (water control district within purview of s. 768.28[2] and, therefore, monetary limitations on tort liability set forth in s.768.28[5], F.S., are applicable); AGO 78-145 (mosquito control district is a "state agency or subdivision" within the scope of s.768.28, F.S.); AGO 86-74 (pursuant to s. 768.28, members of the board of a legislatively established hospital district are not personally liable for actions taken in good faith and in the course and scope of performing official duties as members of the hospital district board); AGO 86-75 (general tort liability of a municipal service district or its governing board is controlled by s. 768.28, F.S.); AGO 87-38 (general tort liability of a fire control district controlled by s. 768.28, F.S.). From the foregoing, it appears that the Ponte Vedra Zoning District, established by a special act of the Legislature, would be included within the definitional purview of s. 768.28(2), F.S. (1986 Supp.), and, therefore, is subject to the provisions of s.768.28(1)-(16), F.S. (1986 Supp.).
The individual liability of members of the Ponte Vedra Zoning Board is addressed by s. 768.28(9)(a), F.S. (1986 Supp.), which states:
 No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . .
Thus, the statute provides that recovery for an injury or damages resulting from an act, event or omission of an officer, employee or agent of the state or any of its subdivisions shall be by an action against the governmental entity or the head of such entity in his or her official capacity. Section 768.28(9)(a), F.S. (1986 Supp.). If the act or omission complained of, however, was committed outside the course and scope of the officer's, employee's or agent's employment or committed in bad faith or with malicious purpose of in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the state or its subdivision will not be liable in tort for such acts. Cf., AGO 84-87 (officers, employees or agents of a hospital district are not personally liable in tort and may not be named defendants in an action for injuries or damages suffered as a result of any act, event or omission of action in the scope of their employment or function, the exclusive remedy for any such injury or damages being an action against the hospital district or its governing board); AGO 86-75 (district trustees of a legislatively created municipal service district are not personally liable for any act, event or omission of action within the scope of their employment or function; the exclusive remedy for such injury or damages being an action against the district or its governing board).
Therefore, it is my opinion that the general tort liability of the Ponte Vedra Zoning District or its governing board is controlled by s. 768.28, F.S. (1986 Supp.), and the amount of money damages recoverable in tort against the district is limited by the provisions of s. 768.28(5), F.S. (1986 Supp.). Moreover, except as otherwise provided in s. 768.28(9)(a), F.S. (1986 Supp.), the members of the Ponte Vedra Zoning Board are not personally liable in tort for injuries or damages suffered as a result of any act, event or omission of action within the scope of their official duties as members of the zoning district board; rather, the exclusive remedy for such injury or damage is an action against the district or its governing board.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Lagran Saunders Assistant Attorney General